UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JAMES COOK, | ) |
| Plaintiff, | ) ) ) |
| v. | )   No. 2:20-cv-00024-SRC |
| LUKENDRA LOCKHART, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on a letter submitted by plaintiff James Cook that has been construed as a motion for preliminary injunctive relief. (Docket No. 43). For the reasons discussed below, the motion will be denied.

**Background**

On December 18, 2020, plaintiff submitted a document to the Court in which he alleged that he was undergoing "emergency circumstances" due to what he believed was a "blood clot." Due to these circumstances, plaintiff stated that he was in pain, having trouble breathing, and experiencing dizziness and an irregular heartbeat. Plaintiff further alleged that he was not being allowed to see a doctor. Plaintiff asked the Court to "assist [him] as soon as possible."

On December 21, 2020, the Court directed defendants to promptly investigate plaintiff's complaint to ascertain whether he was receiving appropriate medical attention. (Docket No. 45). Defendants were given fifteen days in which to submit a written response.

On January 5, 2021, defendants complied with the Court's order by submitting a response detailing plaintiff's medical treatment since September 1, 2020. (Docket No. 52). According to defendants' response, plaintiff has been seen by a doctor, nurse practitioner, and a nurse in response to his medical issues. Plaintiff has self-declared a medical emergency on at least four

different occasions, each time being examined by medical professionals. When appropriate, he has been given medications to deal with his symptoms. On December 12, 2020, when plaintiff self-declared a medical emergency, complaining of chest pain, a doctor ordered two Troponin tests, which indicated that plaintiff was not undergoing a heart attack. With regard to plaintiff's belief that he has a "blood clot," the response indicates that medical staff have not noted any symptoms related to deep vein thrombosis or a pulmonary embolism. In short, defendants contend that plaintiff has access to medical care for any medical complaints, and that when he has made such complaints, he has been evaluated by a member of the nursing staff. Further, when higher-level evaluation has been required, plaintiff has been seen by a nurse practitioner or doctor.

## Discussion

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 557 U.S. 7, 27 (2008). In determining whether to grant a preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015). *See also Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). For an injunction to issue, "a right must be violated," and the court must determine whether "a cognizable danger of future violation exists." *Id*. at 521. Furthermore, the "danger must be more than a mere possibility." *Id*. Regarding the issue of whether a situation is ripe for injunctive relief,

the Eighth Circuit has noted that courts "should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Id*. The burden of proving that a preliminary injunction should be issued rests with the party seeking injunctive relief. *Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).

Here, plaintiff has not met his burden of proving that he is entitled to injunctive relief. First, he has not demonstrated a threat of irreparable harm. In his motion, plaintiff states that he is experiencing "emergency circumstances" and not being allowed to see a doctor. As defendants' response makes clear, however, plaintiff is receiving medical treatment, and when he has self-declared medical emergencies, medical staff has responded appropriately. Plaintiff has seen a doctor, nurse practitioner, and nurse; he has been given medication; he has been given tests; and he has been observed with regard to his specific complaints. Defendants have also noted that plaintiff is routinely checked by staff to determine if he has medical or mental health complaints, and that there have been no such complaints since December 13, 2020. In short, plaintiff has not established that he is at risk of irreparable harm absent Court intervention.

Second, plaintiff has not demonstrated a probability that he would succeed on the merits. The allegations in plaintiff's motion regarding inadequate medical care, as well as "harassment, abuse, [and] retaliation by staff," are conclusory, and unsupported by any facts. Moreover, they are belied by defendants' response, which thoroughly documents the medical interventions on plaintiff's behalf. As previously noted, plaintiff has been seen by medical professionals with regard to his health service requests and self-declared medical emergencies. He has been observed by medical staff with regard to his specific complaints. When he complained of chest pains, he was given two Troponin tests, even though his EKGs were normal, and those tests showed that he was not undergoing a heart attack. With regard to his belief that he has a blood clot, medical staff has

3

checked him for symptoms indicating deep vein thrombosis or a pulmonary embolism, and have found no such symptoms.

Plaintiff has asked the Court to assist him with regard to his "urgent need of care and assistance." As discussed above, however, plaintiff has not carried his burden of demonstrating that injunctive relief is warranted. Therefore, for these reasons, plaintiff's motion for preliminary injunctive relief must be denied.

### Warning Against Future Filing of Frivolous Motions

Based on review of both plaintiff's letter and defendants' response, it appears that plaintiff's filing was frivolous, intentionally misleading, and contained misrepresentations of fact. In particular, plaintiff alleged that he was in "urgent need of care" because of "cardiac issues," and that he had not been allowed to see a doctor. But defendants' response thoroughly documents the medical interventions that plaintiff received, including testing and observation for his alleged "cardiac issues." Further frivolous filings by plaintiff may result in plaintiff being ordered to show cause as to why he should not be sanctioned pursuant to Fed. R. Civ. P. 11(c).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for preliminary injunctive relief (Docket No. 43) is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal from the denial of this motion would not be taken in good faith.

Dated this 8th day of January, 2021.

_____SL R. CR_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE