# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

JAMES COOK,                              )
                                         )
       Plaintiff,                    )
                                         )
v.                                       )    No. 2:20-cv-00024-SRC
                                         )
LUKENDRA LOCKHART, et al.,               )
                                         )
       Defendants.                   )

## MEMORANDUM AND ORDER

This matter comes before the Court on a letter submitted by plaintiff James Cook that has been construed as a motion for preliminary injunctive relief. (Docket No. 59). For the reasons discussed below, the motion will be denied.

### Background

On December 18, 2020, plaintiff submitted a document to the Court in which he alleged that he was undergoing "emergency circumstances" due to what he believed was a "blood clot." Due to these circumstances, plaintiff stated that he was in pain, having trouble breathing, and experiencing dizziness and an irregular heartbeat. Plaintiff further alleged that he was not being allowed to see a doctor. Plaintiff asked the Court to "assist [him] as soon as possible."

On December 21, 2020, the Court directed defendants to promptly investigate plaintiff's complaint to ascertain whether he was receiving appropriate medical attention. (Docket No. 45). Defendants were given fifteen days in which to submit a written response.

On January 5, 2021, defendants complied with the Court's order by submitting a response detailing plaintiff's medical treatment since September 1, 2020. (Docket No. 52). Based on defendants' response, the Court denied plaintiff's motion on January 8, 2021. (Docket No. 59). The Court also cautioned plaintiff against the filing of further frivolous motions. On that same day,

plaintiff filed a letter seeking an emergency transfer to a different institution, which has been construed as a motion for preliminary injunctive relief. (Docket No. 59).

## The Motion

In the instant motion, plaintiff states that he is "suffering severely" at his institution, and that he is "currently awaiting transfer to a different facility." (Docket No. 59 at 1). He claims that he is in "constant fear for [his] life" because he is "forced to [choose] between two life threatening situations." Specifically, he states that he is currently being housed in a wing with "known enemies," and is "afraid tensions will boil." However, he does not want to return to segregation because he does not want to deal with "continued retaliation by the staff." Plaintiff also alleges that he has been "continually denied appropriate medical care," and that his complaints are ignored, putting his life in danger.

Attached to the motion is a typewritten declaration in which plaintiff states that he received a tuberculosis (TB) injection on November 24, 2020. (Docket No. 59-1 at 1). Following the injection, plaintiff states that he noticed the injection site was "red and sore," and that he "was getting sick." In response, plaintiff began a "hunger strike and water flush." He alleges that on December 10, 2020, he was "light-headed and dizzy," and had an "irregular" heartbeat. (Docket No. 59-1 at 2). On December 11, 2020 and December 12, 2020, plaintiff self-declared a medical emergency due to his condition. He alleges that he did not receive "the minimum standard of care."

Plaintiff closes his declaration by stating that he has complained in the past about the nurse who gave him his TB injection. As such, he concludes that the nurse "injected [plaintiff] with a substance intended to kill and/or [cause] severe damage."

**Discussion**

The Court has construed plaintiff's motion as requesting preliminary injunctive relief. In determining whether to grant such relief, the Court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015). *See also Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).

In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). For an injunction to issue, "a right must be violated," and the court must determine whether "a cognizable danger of future violation exists." *Id*. at 521. Furthermore, the "danger must be more than a mere possibility." *Id*. Regarding the issue of whether a situation is ripe for injunctive relief, the Eighth Circuit has noted that courts "should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate." *Id*. Plaintiff has the burden of proving that an injunction should be issued. *See Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).

Here, plaintiff has not carried his burden with regard to either his request to be transferred or his request for the Court to intervene as to his medical care.

To begin, plaintiff has not demonstrated that the Court should grant him "an emergency transfer to a different institution immediately." First, plaintiff has not shown a threat of irreparable harm. His allegation regarding being housed with "known enemies" is vague and lacking in detail,

while his fear that "tensions will boil" is not supported by any factual allegations whatsoever. That is, there is no indication that plaintiff is facing a specific risk from a specific inmate; that he has been threatened in any way; or that correctional staff are not taking proper precautions with regard to his safety.

Second, the balance of harm in ordering a transfer weighs against granting such relief. The assignment and transfer of prisoners to different institutions is a function that belongs to the Missouri Department of Corrections, which is in the best position to make such decisions. Granting plaintiff the relief he requests would require the Court to interpose its judgment for that of the Department of Corrections on the basis of extremely ambiguous allegations.

Third, plaintiff has not demonstrated the likelihood of success on the merits. As noted above, plaintiff's allegations regarding "known enemies" and his fear that "tensions will boil" are broad and imprecise, and do not tend to show that he is in danger or that his constitutional rights are being violated.

Finally, the Court notes that plaintiff's motion for injunctive relief fails because the substance of the motion is not related to the claims in his complaint. That is, plaintiff's original complaint concerned purported deliberate indifference to a particular medical issue. Now, he is accusing unnamed defendants of failing to protect him, which is a claim not related to the allegations in his complaint. Therefore, the Court cannot grant his motion. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (explaining that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"); and *Hale v. Wood*, 89 F.3d 840, 1996 WL 341206, at *1 (8th Cir. 1996) (unpublished opinion) (rejecting plaintiff's request for injunctive

relief because he "failed to establish a connection between these injuries and the conduct he challenged in his complaint").

Likewise, with regard to his medical claims, plaintiff has not carried his burden of establishing that he is entitled to injunctive relief. First, plaintiff has not demonstrated the threat of irreparable harm. To the contrary, as defendants' response to plaintiff's earlier motion for injunctive relief clearly shows, plaintiff has been appropriately treated for his numerous self-declared medical emergencies. (Docket No. 52). Plaintiff's contention that he is "continually denied appropriate medical care" is simply unsupported, and belied by defendants' thorough response.

Second, the balance of harm in Court intervention is also against plaintiff, as defendants have shown they are providing plaintiff with medical care, making such intervention unnecessary.

Third, plaintiff has not established a likelihood of success on the merits. Defendants' previous response to plaintiff's medical complaints show that plaintiff is receiving medical attention. In particular, defendants' response covers medical interventions on the dates of which plaintiff suggests he did not receive proper treatment. Furthermore, plaintiff's conclusion that a nurse has injected him with a substance to kill or injure him is wholly unsupported and frivolous.

Finally, as above, plaintiff's allegations in the instant motion are unconnected to those made in the original complaint, meaning the Court cannot grant his motion. *See Devose*, 42 F.3d at (explaining that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"); and *Hale*, 1996 WL 341206, at *1 (unpublished opinion) (rejecting plaintiff's request for injunctive relief because he "failed to establish a connection between these injuries and the conduct he challenged in his complaint").

5

For all the reasons discussed above, the Court must deny plaintiff's motion for preliminary injunctive relief.

### Warning Against Future Filing of Frivolous Motions

This is the second motion for emergency injunctive relief filed by plaintiff. As with the first, this motion appears to contain frivolous allegations, intentionally misleading assertions, and misrepresentations of fact. In particular, plaintiff's contention that he is being denied medical care, and that a TB injection was actually a pretext to kill or injure him, are entirely without merit, and are rebutted by defendants' earlier response. Further frivolous filings by plaintiff may result in plaintiff being ordered to show cause as to why he should not be sanctioned pursuant to Fed. R. Civ. P. 11(c).

**IT IS HEREBY ORDERED** that plaintiff's motion for preliminary injunctive relief (Docket No. 59) is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal from the denial of this motion would not be taken in good faith.

**IT IS FURTHER ORDERED** that further frivolous filings by plaintiff may result in plaintiff being ordered to show cause as to why he should not be sanctioned pursuant to Fed. R. Civ. P. 11(c).

Dated this 11th day of January, 2021.

*SLR.CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE