## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00024-SRC |
| | ) | |
| LUKENDRA LOCKHART, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Jeffrey McCullum's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 48). For the reasons discussed below, the motion will be denied.

### Background

Plaintiff is a self-represented litigant currently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri. On May 4, 2020, he filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Dr. Jeffrey McCullum, along with other defendants, had been deliberately indifferent to his medical needs, in violation of the Eighth Amendment. (Docket No. 1). The Court reviewed plaintiff's complaint under 28 U.S.C. § 1915. On June 22, 2020, the Court directed the Clerk of Court to issue process on Dr. McCullum in his individual capacity as to plaintiff's Eighth Amendment deliberate indifference claim. (Docket No. 8). Dr. McCullum filed the instant motion to dismiss on December 31, 2020, along with a supporting memorandum. (Docket No. 48; Docket No. 49).

**Motion to Dismiss**

In his motion to dismiss, Dr. McCullum argues that plaintiff has failed to state a claim upon which relief can be granted because plaintiff did not submit "an affidavit stating he has obtained the written opinion of a legally qualified health care provider that Dr. McCullum failed to use such care as a reasonably prudent and careful health care provider would have used under similar circumstances." (Docket No. 48 at 1). According to Dr. McCullum, this affidavit is mandatory under Mo. Rev. Stat. § 538.225 when the relationship between the parties is that of a health care provider and a recipient, and when the claim relates solely to the provision of health care services. As plaintiff did not file the necessary affidavit, Dr. McCullum contends that dismissal is required.

**Standard of Review**

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may assert as a defense the plaintiff's "failure to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). However, "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is

2

entitled to present evidence in support of his claim. *Twombly*, 550 U.S. at 583 (quoted case omitted).

When evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8ᵗʰ Cir. 2014). "If the essence of an allegation is discernible...then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8ᵗʰ Cir. 2015) (quotations and citation omitted).

### Discussion

Dr. McCullum has moved to dismiss plaintiff's deliberate indifference claim pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, Dr. McCullum argues that plaintiff has failed to comply with Mo. Rev. Stat. § 538.225. That statute provides, in relevant part:

> 1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
>
> ***
>
> 5. Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders such time to be extended for a period of time not to exceed an additional ninety days.
>
> 6. If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice.

3

Mo. Rev. Stat. § 538.225.

Despite Dr. McCullum's contention to the contrary, this statute is not applicable to the claim presented in plaintiff's complaint. Specifically, the statute applies to Missouri state law claims for medical malpractice, not plaintiff's Eighth Amendment deliberate indifference claim. *See Moore v. Ernest-Jackson*, 16 Fed. Appx. 517, 518 (8th Cir. 2001) (explaining that district court "properly dismissed [plaintiff's] *state-law claims* for failure to comply with a Missouri statute requiring an affidavit of merit involving personal injury related to the render of, or failure to render, health care services") (emphasis added). This is demonstrated by the cases that Dr. McCullum has cited in his supporting memorandum. For instance, in *Drummer v. Corizon, LLC*, No. 4:16-cv-1170-AGF (E.D. Mo. July 19, 2018), the Court dismissed Count IV of the plaintiff's second amended complaint for failure to provide the required affidavit. However, that count related to a negligence claim, not a constitutional violation.

In this case, plaintiff's claim against Dr. McCullum arises under 42 U.S.C. § 1983, not under state law. The constitutional standard is deliberate indifference, not negligence or malpractice. *See Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) (explaining that mere negligence or inadvertence does not rise to the level of deliberate indifference); and *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (stating that medical malpractice is not actionable under the Eighth Amendment). Rather, to prevail on an Eighth Amendment claim, plaintiff must prove that he suffered from an objectively serious medical need, and that the defendant knew of and disregarded that need. *See Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). As explained in the Court's order of June 22, 2020, plaintiff has alleged sufficient facts to sustain a deliberate indifference claim at this stage of the proceedings. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019) (stating that a court must accept the allegations contained in the

4

complaint as true and make all reasonable inferences in favor of the plaintiff). Because the Missouri statute upon which Dr. McCullum relies is not applicable to plaintiff's claim, the motion to dismiss must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Jeffrey McCullum's motion to dismiss (Docket No. 48) is **DENIED**.

Dated this 8th day of February, 2021.

_SL R. CR_

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE