# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00024-SRC |
| | ) | |
| LUKENDRA LOCKHART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Lukendra Lockhart's motion to dismiss. (Docket No. 16). For the reasons discussed below, the motion will be denied.

### Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. On May 4, 2020, plaintiff filed a civil action pursuant to 42 U.S.C. § 1983. (Docket No. 1). Officer Lockhart, along with others, was named as a defendant in the complaint.

Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint pursuant to 28 U.S.C. § 1915. (Docket No. 8). On June 22, 2020, the Court dismissed the official capacity claim against Officer Lockhart, as well as plaintiff's claims arising under the First and Fourteenth Amendments. However, the Court directed the Clerk of Court to issue process on Officer Lockhart in her individual capacity as to plaintiff's Eighth Amendment claim of deliberate indifference to his medical needs.

On August 21, 2020, Officer Lockhart filed the instant motion to dismiss. Plaintiff filed a response in opposition to the motion on December 28, 2020. (Docket No. 46). Officer Lockhart submitted a reply on January 15, 2021. (Docket No. 61).

## Motion to Dismiss

Officer Lockhart's motion to dismiss is premised on three grounds. First, Officer Lockhart argues that plaintiff fails to state a claim because plaintiff has not alleged that Lockhart knew of a serious medical need. Second, she contends that plaintiff fails to state a claim because he suffered only *de minimis* injuries from her conduct. Finally, Officer Lockhart asserts that plaintiff has failed to exhaust his administrative remedies.

## Standard of Review

Pursuant to Fed. R. Civ. P. 12(b)(6), a defendant may assert as a defense the plaintiff's "failure to state a claim upon which relief can be granted." To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is satisfied when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re SuperValu, Inc.*, 925 F.3d 955, 962 (8th Cir. 2019).

The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). However, "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is

entitled to present evidence in support of his claim. *Twombly*, 550 U.S. at 583 (quoted case omitted).

When evaluating whether a self-represented plaintiff has asserted sufficient facts to state a claim, a pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014). "If the essence of an allegation is discernible...then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quotations and citation omitted).

### Discussion

Officer Lockhart has moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Court has reviewed Officer Lockhart's motion, the memorandum filed in support, plaintiff's response, and Officer Lockhart's reply. For the reasons discussed below, the motion to dismiss will be denied.

### A.  Failure to Allege that Officer Lockhart Knew of a Serious Medical Need

Officer Lockhart argues that in neither of her interactions with plaintiff was she aware that plaintiff was suffering from an objectively serious medical need. The Court disagrees with this argument for purposes of Officer Lockhart's motion to dismiss.

As the Court noted in its initial review of plaintiff's complaint, the Eighth Amendment obligates the government to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

To prevail under this standard, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

In this case, plaintiff alleges that he has been diagnosed with irritable bowel syndrome, internal and external hemorrhoids, constipation, and rectal prolapse. As a result, he states that he suffers from bowel blockages, incomplete stools, bleeding, dizziness, faintness, pain, and discomfort. On May 28, 2018, he self-declared a medical emergency to Officer Lockhart, because he was feeling faint and dizzy. Officer Lockhart refused him medical attention because he was not wearing the proper uniform shirt. Plaintiff advised Officer Lockhart that he could not make it back

to his housing unit, but Lockhart threatened him with a conduct violation if he did not leave immediately. After plaintiff left, he "fell out in the grass" due to his illness.

Subsequently, on February 10, 2019, plaintiff was sent to medical by two correctional officers who saw him in pain. Again, he claims he was denied access to medical care by Officer Lockhart, who laughed and made jokes when plaintiff left.

In short, plaintiff's facts demonstrate a serious medical need; that plaintiff attempted to convey this need to Officer Lockhart; that this need was apparent, as shown by plaintiff being sent to medical by two correctional officers on February 10, 2019; and that Officer Lockhart refused to allow him to seek medical attention. The Court must accept these facts as true. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019) (stating that court must accept the allegations contained in the complaint as true, and make all reasonable inferences in favor of the plaintiff). Moreover, plaintiff has pleaded sufficient facts for the Court to reasonably infer that Officer Lockhart knew that plaintiff was suffering from a serious medical need. *See Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (explaining that a "claim has sufficient facial plausibility to survive [a motion to dismiss] where the plaintiff has pled enough facts to allow the Court to reasonably infer that the defendant is liable for the alleged misconduct"). Bearing in  mind that a self-represented litigant is held to less stringent pleading standards, Officer Lockhart's motion to dismiss on this basis will be denied.

### B.  Failure to Allege More than a *De Minimis* Injury

Officer Lockhart contends that plaintiff has not demonstrated that her actions caused him anything more than *de minimis* injuries. The Court does not agree with this contention for purposes of a motion to dismiss. Plaintiff has alleged that he was faint, dizzy, and in pain when he interacted with Officer Lockhart. With regard to the incident on May 28, 2018, plaintiff states that he "fell

5

out in the grass," the implication being that he lost consciousness. More than that, he has alleged that he has a medical condition that has gotten progressively worse. The reasonable inference from his allegations is not simply that he suffered short-term pain from Officer Lockhart's denial of treatment, but that Lockhart's refusal to allow him to seek treatment has forced him to endure longer-term suffering. As noted above, a self-represented litigant's complaint must be held to a less stringent standard of pleading. *See Jackson*, 747 F.3d at 541. Furthermore, plaintiff's factual allegations must be accepted as true, and all reasonable inferences made in his favor. *See Jones*, 915 F.3d at 499; and *Perez*, 931 F.3d at 646. Therefore, plaintiff's motion to dismiss on this basis will be denied.

### C.  Failure to Exhaust Administrative Remedies

Pursuant to the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983…by a prisoner confined in any jail, prison, or other such correctional facility until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a). If a prisoner has not exhausted his administrative remedies at the time he files his civil action, dismissal is mandatory. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Exhaustion, however, is an affirmative defense under the PLRA, and "inmates are not required to specially plead or demonstrate exhaustion  in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007).

While Officer Lockhart acknowledges that demonstrating exhaustion is not a pleading requirement, she nevertheless argues that this affirmative defense can be the basis for a motion to dismiss because its existence is clearly evident on the face of the complaint. In support, Officer Lockhart states that plaintiff has attached various grievance documents, but when asked whether plaintiff had appealed and completed the grievance process, he indicated the following: "IRR/Grievance completed through MODOC grievance process…with other related complaints in

6

last stages of grievance process." Officer Lockhart contends that this amounts to an admission that plaintiff has failed to exhaust his administrative remedies.

Plaintiff has responded that Officer Lockhart has misinterpreted the meaning of his so-called admission, because he was simply trying to make the Court aware that he had been continuously complaining about his access to medical care. With regard to the February 10, 2019 incident, plaintiff further states that he was prevented from using the grievance procedure after he notified his institution of his intention to sue. As plaintiff notes, an administrative remedy is not considered available if a prisoner was not allowed to use it. *See Porter v. Sturm*, 781 F.3d 448, 452 (8th Cir. 2015) (stating that inmates "are excused from exhausting administrative remedies when officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures").

Because it is unclear at this stage whether or not plaintiff has exhausted his administrative remedies, or if he was prevented from doing so, the Court will deny Officer Lockhart's motion to dismiss on this basis.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Lukendra Lockhart's motion to dismiss (Docket No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Lukendra Lockhart shall file an answer within **fourteen (14) days** of the date of this order.

Dated this 8th day of February, 2021.

_SL R. CR_

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE